UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00127-GNS-HBB

PREMIERTOX 2.0, INC.                                                    PLAINTIFF

v.

COVENTRY HEALTH AND LIFE
INSURANCE CO., et al.
                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 8), Motion to
Amend/Correct Notice of Removal (DN 23) and Motion to File Second Amended Complaint
(DN 24). The Court concurrently rules on Defendant Coventry Health and Life Insurance Co.'s
Partial Motion to Dismiss (DN 16) and Motion to File Sur-Reply (DN 19). For the reasons stated
below, the Plaintiff's Motion to Remand (DN 8) is **DENIED**. Plaintiff's Motion to
Amend/Correct Notice of Removal (DN 23) and Motion to File Second Amended Complaint
(DN 24) are **GRANTED**. Defendant's Partial Motion to Dismiss (DN 16) is **GRANTED**, and
Defendant's Motion to File Sur-Reply (DN 19) is **DENIED AS MOOT**.

## I.     BACKGROUND

This action is brought to recover for damages allegedly sustained by Plaintiff,
PremierTox 2.0, Inc. ("PremierTox") as a result of Defendants Coventry Health and Life
Insurance Co. ("Coventry") and CoventryCares of Kentucky's ("CoventryCares") breach of
contract requiring Coventry to pay Plaintiff for healthcare services rendered to Coventry
members through a provider agreement. (Am. Compl. ¶ 22). Plaintiff has argued throughout its

various motions that Coventry and CoventryCares are distinct legal entities, while Coventry argues CoventryCares is simply a Medicaid "product" of Coventry, sold in the state of Kentucky. (Def.'s Partial Mot. to Dismiss 1, DN 16 [hereinafter Def.'s Mot.]).

## II.  DISCUSSION

### A.  Plaintiff's Motion to Remand

This matter was removed to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1441(a) and (b). (Def.'s Notice of Removal 1). Removal is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). A case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. After the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Further, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ont. v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted).

Complete diversity of citizenship between the parties is required for the Court to exercise jurisdiction over this matter. 28 U.S.C. § 1441(a). It is undisputed that PremierTox is a citizen of Kentucky and Defendant Coventry resides outside of the state of Kentucky. The citizenship of CoventryCares, on the other hand, is in dispute. Plaintiff argues that CoventryCares is a Kentucky resident that is a separate entity from Coventry with its principal place of business in Kentucky. (Pl.'s Mot. to Remand 1-3, DN 8). Defendant Coventry contends that CoventryCares is merely a Medicaid product sold by Coventry through Kentucky offices and does not have its principal place of business in Kentucky. (Def.'s Resp. to Mot. to Remand 2-6, DN 15

[hereinafter Def.'s Resp.]). Therefore, the sole question before the Court is whether CoventryCares is a citizen of Kentucky.

The Supreme Court has held that a defendant company is not a citizen of a state merely because the company operates offices and conducts business in that state. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-95 (2010) (a corporation has only one principal place of business). To determine a company's citizenship, the Court must look to the defendant company's (1) state of incorporation and (2) principle place of business or "nerve center." *Id.* at 94.

In this case, Coventry's state of incorporation is Missouri with its principle place of business in Maryland. (Lee Dec. ¶ 5, DN 1-5). Plaintiff does not dispute CoventryCares is an unincorporated entity and has not incorporated in the state of Kentucky. (Pl.'s Reply to Mot. to Remand 3, DN 17 [hereinafter Pl.'s Reply]). Instead, Plaintiff argues that CoventryCares is an entity with its principal place of business in Kentucky.[1] (Pl.'s Reply 4). Plaintiff lists several factors which establish the amount of business done by CoventryCares in Kentucky and the targeting of Kentucky residents. (Pl.'s Reply 3-4). This is not relevant to determine CoventryCares' principal place of business. As the Supreme Court noted in *Hertz*, the *amount* of business conducted in a state is not relevant to the inquiry of a company's principal place of business. *Hertz*, 559 U.S. at 93. Instead, the state where a company's executive functions are conducted determines the company's nerve center. *Id.*

The Court finds CoventryCares' nerve center exists in Maryland rather than Kentucky. Coventry has established that the majority of CoventryCares' business decisions are conducted

---

[1] Plaintiff specifically asserts for the first time in its Reply that CoventryCares maintains a subsidiary relationship to Coventry. (Pl.'s Reply 3-5). The Court believes this argument is irrelevant for the purposes of this opinion without evidence indicating CoventryCares has its own executive functions. *Hertz*, 559 U.S. at 93. Regardless, Plaintiff failed to make these arguments in its motion and the Court declines to address new arguments raised in Plaintiff's Reply. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

by Coventry, which has its principal place of business in Maryland. (Lee Dec. ¶ 4-5, DN 1-4). Coventry's exhibits establish that Coventry managed CoventryCares and Plaintiff's business relationship with Defendant was formed through Coventry, not CoventryCares. (Def.'s Resp. Ex. A, at 1, DN 15-1; Def.'s Resp. Ex. D, at 1, DN 15-4; Def.'s Resp. Ex. E, at 2-5, DN 2-5; Def.'s Resp. Ex. H, at 1-2, DN 15-8; Lee Dec. ¶ 5). There is no evidence that CoventryCares maintains any type of headquarters in Kentucky where executive decisions are made by corporate officers or that it is registered to conduct business in the state of Kentucky as a separate legal entity. Instead, it appears that CoventryCares is not an entity at all, but simply an assumed name under which Coventry conducts a portion of its business.[2] (Def.'s Resp. 6-7; Lee Dec. ¶¶ 4-5). Because CoventryCares is not a separate entity, it cannot be a citizen of Kentucky so as to destroy diversity. For this reasons, Plaintiff's motion to remand is denied.

### B.     Plaintiff's Motion to File Second Amended Complaint

Plaintiff also moves to file a second amended Complaint in this action. (Pl.'s Mot. to File Second Am. Compl., DN 24). Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule states that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters.*, *Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (internal quotation marks omitted) (citation omitted). The Court will generally

---

[2] To the extent that ConventryCares could be considered a sole proprietorship of Coventry, "a sole proprietorship is not an entity separate from the proprietor. They are one and the same." *Ky. Emp'rs Mut. Ins. v. Ellington*, 459 S.W.3d 876, 882 (Ky. 2015) (citation omitted).

4

grant leave to amend "liberally." *Hiser v. Seay*, No. 5:14-CV-170, 2015 WL 2452475, at *1 (W.D. Ky. May 21, 2015) (citation omitted).

Plaintiff asserts the Court should grant leave to amend a "minor clerical error" in its Complaint regarding Defendant Coventry's place of residency and incorporation. (Pl.'s Mot. to File Second Am. Compl. 1). Plaintiff asserts no substantive changes whatsoever to the pleading. (Pl.'s Mot. to File Second Am. Compl. 1). Thus, Plaintiff's Motion to File a Second Amended Complaint is granted and the Court rules on Coventry's Motion to Dismiss without delay. Therefore, the Court sees no prejudice to Coventry in this action by allowing Plaintiff to amend its Complaint. On similar grounds, Plaintiff's Motion to Amend/Correct Notice of Removal is granted.

### C.    <u>Defendant's Partial Motion to Dismiss</u>

Defendant Coventry moves to dismiss Counts I, III, V, and VI of Plaintiff's Amended Complaint. (Def.'s Mot. 1). Coventry also moves to drop CoventryCares from this suit. The Court has already addressed this argument in Plaintiff's Motion to Remand and ruled that CoventryCares is not an entity subject to suit. As such, the Court considers all arguments made against CoventryCares to be directed at Coventry.

To survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G*

*Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

Coventry first asserts that the Court should dismiss Plaintiff's declaratory judgement claim as improperly broad. (Def.'s Mot. 1). Second, Coventry argues Plaintiff's "Prompt Pay" claim is based upon an improper interpretation of Kentucky law. (Def.'s Mot. 1). Third, Coventry seeks dismissal because Plaintiff's claim of conversion is improperly based on a failure to meet a contractual obligation. (Def.'s Mot. 1). Finally, Coventry agues Plaintiff has misinterpreted Kentucky's "any willing provider law" in asserting its provider claim. The Court considers each argument in turn.

### 1. *Plaintiff's Declaratory Judgment Claim Cannot Be Dismissed on a Partial Motion to Dismiss.*

Coventry argues that Plaintiffs cannot seek declaratory judgment without some "justiciable controversy." (Def.'s Mot. 6). "The party seeking relief must show that an actual, justiciable controversy exists; proceedings for a declaratory judgment must not merely seek advisory answers to abstract questions." *Mammoth Med., Inc. v. Bunnell*, 265 S.W.3d 205, 209 (Ky. 2008) (citation omitted). Coventry impliedly concedes there is in fact some judiciable controversy in this action from the mere fact they have elected not to move to dismiss Plaintiff's Breach of Contract and Unjust Enrichment claims. (Def.'s Mot. 1). While the declaratory judgment claim does not specifically detail Plaintiff's other claims, the rest of the Amended Complaint does provide such detail. Regardless, the declaration of rights Plaintiff seeks is

subsumed by Plaintiff's other claims because they arise from identical facts and allegations. Plaintiff apparently seeks that the Court concurrently rule on liability and issue declaratory judgment on each of Plaintiff's claims. The Court sees no purpose in issuing declarations in this matter. It is not appropriate to seek a declaratory remedy "merely for the purpose of procedural fencing," where a party's declaratory judgment claims are the same as its claims in chief. *Mitchell v. Gen. Motors LLC*, No. 3:13-CV-498-CRS, 2014 WL 1319519, at *16 (W.D. Ky. Mar. 31, 2014) (internal quotation marks omitted) (quoting *Bituminous Cas. Corp. v. J & L Lumber Co. Inc.*, 373 F.3d 807, 812 (6th Cir. 2004)). Therefore, Plaintiff's declaratory judgment claims are dismissed.

## 2. *Plaintiff Has Failed To State A Claim Under Kentucky Prompt Pay Law.*

The Kentucky Prompt Pay Law regulates claims between insurers and providers. KRS 304.17A-702. The statute requires that the insured reimburse or notify the provider the claim has been denied or contested within thirty-days of receipt of the claim. KRS 304.17A-702(1). Plaintiff's claim essentially boils down to the assertion that Coventry violated the statute because it did not pay for services performed within the thirty-day deadline imposed by KRS 304.17A-702. This interpretation misconstrues the plain language of the statute. Specifically, that statute states that an insurer violates its provisions only when the insurer takes *no* action. KRS 304.17A-702(1). Here, Plaintiff makes no claim Coventry failed to deny or contest its clean claim within thirty-days; only that it failed to pay Plaintiff's claims due to a denial of those claims. (Am. Compl. ¶¶ 5, 27).

Further, Plaintiff cannot rely on KRS 304-12-235, which is not applicable to this action. Again, Plaintiff's claim fails because the plain language of the statute is limited to "contract[s] of insurance." KRS 304-12-235. Claims under Section 304.12-235 depend on a contract of

insurance between a plaintiff and defendant. *See Sullivan v. Am. Int'l Grp., Inc.*, No. 5:07-254-JMH, 2008 WL 4056366, at \*5-6 (E.D. Ky. Aug. 27, 2008) (finding similar statutory language as requiring an insurance agreement between plaintiff and defendant). Plaintiff never alleges it had a contract of insurance with Coventry, only a provider agreement in which Coventry agreed to pay for services rendered to Coventry members. (Am. Compl.). Therefore, KRS 304-12-235 is not applicable to this action. Thus, neither KRS 304-12-235 nor 304.17A-702(1) provides relief in this action and Plaintiff's claims under these statutes must be dismissed.

### 3.   *Plaintiff Has Failed to State a Claim for Conversion.*

Coventry further moves to dismiss Plaintiff's claim for conversion. (Def.'s Mot. 8). "[C]onversion is the wrongful exercise of dominion and control over property of another." *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626, 627 (Ky. App. 1990) (citing *Ill. Cent. R. Co. v. Fontaine*, 289 S.W. 263 (Ky. 1926)). "[A] plaintiff cannot maintain a conversion claim in addition to a breach of contract claim unless he can establish the existence of an independent legal duty separate and apart from the contractual obligation." *First Constr., LLC v. Gravelroad Entm't, LLC*, No. 6:07-155-DCR, 2008 WL 2038878, at \*5, 16 (E.D. Ky. May 12, 2008) (citations omitted). Plaintiff claims the property converted in this case is the amount allegedly due to Plaintiff under the contract with Coventry. (Am. Compl. 14). Plaintiff makes no allegation that any separate legal duty exists outside of the contract at issue and therefore has failed to assert a valid conversion claim in this action. *Gravelroad*, 2008 WL 2038878, at \*16. Therefore, Plaintiff's conversion claim is dismissed.

### 4.   *Plaintiff Has Failed to State an "Any Willing Provider" Claim.*

Coventry next moves to dismiss Plaintiff's "any willing provider" claim. (Def.'s Mot. 9). Under Kentucky law, "[a] health insurer shall not discriminate against any provider who is

located within the geographic coverage area of the health benefit plan and who is willing to meet the terms and conditions for participation established by the health insurer, including the Kentucky state Medicaid program and Medicaid partnerships." KRS 304.17A-270. The U.S. Supreme Court had found this law prevents insurers from shutting out providers willing to meet the conditions set forth by the insurer. *Ky. Ass'n of Health Plans v. Miller*, 538 U.S. 329, 332 (2003).

Plaintiff does not allege it met all the terms and conditions established by Coventry. Instead, Plaintiff claims Coventry "discriminated" against Plaintiff by not paying under the agreement. (Am. Compl. 11). Similar to Plaintiff's other claims, Plaintiff essentially attempts to reclothe its breach of contract claim under the guise of an additional cause of action. Here that other cause of action is the Any Willing Provider law which is not applicable to the facts alleged by Plaintiff. Therefore, Plaintiff's claim under the Any Willing Provider law will likewise be dismissed.

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Plaintiff's Motion to Remand (DN 8) is **DENIED**. Plaintiff's Motion to Amend/Correct Notice of Removal (DN 23) and Plaintiff's Motion to File Second Amended Complaint (DN 24) are **GRANTED**. Defendant Coventry Health and Life Insurance Co.'s Partial Motion to Dismiss (DN 16) is **GRANTED**, and Defendant's Motion to File Sur-Reply (DN 19) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**

April 7, 2016

cc:    counsel of record

9