UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00127-GNS-HBB

PREMIERTOX 2.0, INC.                                                  PLAINTIFF

v.

COVENTRY HEALTH AND LIFE
INSURANCE CO., et al.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration and Alter, Amend, or Vacate the Court's Previous Judgment (DN 30). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I.    BACKGROUND

This action is brought to recover for damages allegedly sustained by Plaintiff, PremierTox 2.0, Inc. ("PremierTox") as a result of Defendants Coventry Health and Life Insurance Co. ("Coventry") and CoventryCares of Kentucky's ("CoventryCares") breach of contract requiring Coventry to pay Plaintiff for healthcare services rendered to Coventry members through a provider agreement. (Am. Compl. ¶ 22, DN 1-3). Plaintiff has argued throughout its various motions that Coventry and CoventryCares are distinct legal entities, while Coventry argues CoventryCares is simply a Medicaid "product" of Coventry, sold in the state of Kentucky. (Def.'s Partial Mot. to Dismiss 1, DN 16). The Court denied PremierTox's Motion to Remand and granted Coventry's Partial Motion to Dismiss on April 18, 2016. (Order, DN 27). PremierTox now petitions the Court to reconsider this decision.

## II.  STANDARD OF REVIEW

Motions to alter or amend judgments are typically granted "for one of three reasons: (1) [a]n intervening change of controlling law; (2) [e]vidence not previously available has become available; or (3) [i]t is necessary to correct a clear error of law or prevent manifest injustice." *W. Ky. Royalty Tr. v. Armstrong Coal Reserves, Inc.*, No. 4:11-CV-00114-M, 2013 WL 4500189, at *1 (W.D. Ky. Aug. 21, 2013) (citation omitted). *See also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to "relitigate issues previously considered or to submit evidence which in the exercise of reasonable diligence, could have been submitted before." *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (internal quotation marks omitted) (citation omitted). *See also Browning v. Pennerton*, No. 7:08-CV-88-KKC, 2008 WL 4791491, at *1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ." (citation omitted)); *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position." (citation omitted)). Rule 59(e) motions to alter or amend "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

## III.  DISCUSSION

PremierTox brings its motion for reconsideration and to alter, amend or vacate to challenge the Court's order granting Defendants' Partial Motion to Dismiss and its denial of Plaintiff's Motion to Remand. (Pl's Motion for Reconsideration & Alter, Amend, or Vacate the Court's Previous Judgment, DN 30 [hereinafter Pl.'s Mot.]). PremierTox re-styles arguments previously considered and raises new arguments that could have been presented in its response to

Defendants' partial motion to dismiss. Neither form of argument is appropriate on a motion to reconsider. *Abernathy*, 2009 WL 55011, at *1.

PremierTox argues that the issue of CoventryCare's citizenship, or lack thereof, should not have been dealt with until additional discovery was conducted. (Pl.'s Mot. 2). PremierTox forgets, however, that it has the burden of proving subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Unlike a Rule 12(b)(6) motion, the Court need not assume all facts alleged to be true simply because they are stated in PremierTox's complaint. *Id*. Therefore, the Court properly denied PremierTox's motion to remand.

PremierTox further argues that since Coventry did not file an answer prior to the Court's decision, the Court's ruling on the motion to dismiss was pre-mature.[1] (Pl.'s Mot. 3). To the extent such an argument had merit, which it does not, Coventry has now filed an answer and the Court's decision remains unchanged. (Answer, DN 31). The remainder of PremierTox's motion simply attempts to reinforce the same arguments which this Court has already addressed in its previous order or assert new arguments which could have been addressed in its original motion. The Court declines to address these arguments as this is an improper use of a Rule 59(e) motion. *Abernathy*, 2009 WL 55011, at *1 (internal quotation marks omitted) (citation omitted). The fact remains that PremierTox's claims which attempt to re-paint its breach of contract claims with the different brush of inapplicable laws were properly dismissed. For these reasons, the Court declines to grant the extraordinary measure of altering, amending, or vacating its previous judgment.

---

[1] The Court notes that the Court's Order granted PremierTox leave to file a Second Amended Complaint. (Order 4). PremierTox sought minimal, non-substantive changes to its Complaint which had no effect on the Court's order. (Pl.'s Mot. to File Second Am. Compl. 1, DN 24).

3

## IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Plaintiff's Motion for Reconsideration (DN 30) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

July 6, 2016

cc:     counsel of record