UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00127-GNS-HBB

PREMIERTOX 2.0, INC                                             PLAINTIFF

V.

COVENTRY HEALTH AND
LIFE INSURANCE COMPANY                                          DEFENDANT

MEMORANDUM OPINION
AND ORDER

Before the Court is the motion of Defendant Coventry Health and Life Insurance Company for sanctions against Plaintiff PremierTox 2.0 Inc. related to PremierTox's presentment of an unprepared corporate witness for deposition under Fed. R. Civ. P. 30(b)(6) (DN 57). PremierTox has responded in opposition at DN 58 and supplemented the response at DN 59. Coventry has replied at DN 60.

On May 9, 2019, the undersigned conducted a hearing on the motion. Anna S. White appeared on behalf of PremierTox and Robert J. Fogarty and Todd P. Greer appeared on behalf of Coventry. This matter is ripe for determination.

Nature of the Case

PremierTox initiated this litigation approximately three and a half years ago (DN 1). It asserts that it provided drug testing laboratory services for Coventry's Medicaid members pursuant to a Medicaid provider agreement conferring "in-network" status (DN 28 Second Amended Complaint). PremierTox contends that Coventry has failed to make payments for services rendered and is in breach of contract (Id.). In the alternative, PremierTox claims that Coventry

was unjustly enriched by the drug testing services and PremierTox should be compensated even in the absence of a contract (Id.).

In response, Coventry denies the existence of a Medicaid provider agreement with PremierTox (DN 31). As to the unjust enrichment claim, Coventry contends that PremierTox never obtained necessary preauthorization for the tests, which Coventry would have denied given PremierTox's out-of-network provider status (Id.). PremierTox's services for which it demands payment encompasses a period between September 11, 2013 through September 16, 2015 (DN 28).

## Coventry's Motion

Coventry issued a notice of deposition (DN 57-8) under Fed. R. Civ. P. 30(b)(6) identifying 31 topics of information upon which it wished to question a PremierTox corporate representative. On January 29, 2019 PremierTox produced Nathan Moore to testify as its designated corporate representative. Moore is employed by PremierTox as Senior Director of Operations. A complete transcript of the deposition is filed at DN 63.

Coventry contends that Moore failed to perform any investigation or otherwise prepare to address the topics identified in the notice of deposition and was unable to offer any meaningful testimony (DN 57). Coventry requests that PremierTox be sanctioned by being precluded from offering evidence at trial on topics which Coventry sought to examine the corporate witness but was unable to do so because of the witness' lack of preparation and knowledge (Id.). These include matters related to PremierTox's claims for breach of contract, unjust enrichment, damages claimed and PremierTox's Medicaid investigations and suspensions (Id.).

PremierTox's Response

PremierTox contends that Moore was not to be the only witness it would present as a 30(b)(6) witness and that it had always planned to have PremierTox's former President Steve Klipp testify, and that Coventry was aware of this (DN 58). As to Moore, PremierTox notes that he "is able to testify to lab operations on a global level, to discuss individual claims in many cases, and to discuss company management during 2015-present. Mr. Moore also has knowledge of this action in his capacity as a member of the senior management team which runs the company and manages the litigation" (DN 58, p. 2-3). To the extent there was limitation on Moore's knowledge, PremierTox contends the information was "made known to Coventry months prior to the deposition and counsel for PremierTox made clear that Coventry would also need to depose Mr. Klipp as a 30(b)(6) witness" (Id. at p. 3).

PremierTox contends that Moore "was extremely nervous and froze initially, and made ridiculous misstatements such as saying he hadn't talked to anyone about this case" (Id. at p. 4). PremierTox criticizes the nature of the questions posed to Moore, contending that Coventry should have asked him about specific documents rather than broad questions dealing with information contained in "two huge excel spreadsheets and six long banker boxes" (Id. at p. 5). PremierTox notes that all the information about the nature of its claims can be derived from documents it has provided in discovery and it is unable to provide a witness to testify to some of the topics because the events predate current management staff (Id. at p. 5-7).

Discussion

Fed. R. Civ. P. 30(b)(6) lies at the heart of this dispute. It provides:

> (6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the

> matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; at it may set out the matters which each person designated will testify. A subpoena must advise a nonparty organization of tis duty to make this designation. The persons designated must testify about the information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

In <u>Janko Enters. v. Long John Silver's, Inc.</u>, No. 3:12-CV-345-S, 2014 U.S. Dist. LEXIS 185334 (April 3, 2014 W.D. Ky.) Magistrate Judge Dave Whalin set forth a thorough analysis of the duties imposed upon a corporation in designating and preparing a witness for deposition under Rule 30(b)(6). As to the duty imposed on the party providing a witness: "the representative witness must be adequately prepared by the corporation, which has an affirmative duty to provide a witness that is able to put forward binding answers on behalf of the corporation." <u>Id.</u> at *15 (citations omitted). "Rule 30(b)(6) does not require that the corporate designee have personal knowledge as to all relevant facts within the subject matter of the deposition. . . . It is clearly required, however, that the Rule 30(b)(6) designee be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation." <u>Id.</u> at *13 (citations omitted). Education may be obtained from corporate documents, current or prior corporate employees, or "any other sources reasonably available to the corporation." <u>Id.</u> at *14.

Coventry contends that Moore was unprepared to offer testimony on the topics specified in the notice of deposition (filed at DN 57-8). Moore's testimony bears this out.

First, he affirmed that he was designated to testify on the topics identified in the Rule 30(b)(6) notice:

> Q. Now I have in front of you what's been marked as Exhibit Number 1 in your deposition which is a notice of 30(b)(6) video deposition of plaintiff PremierTox 2.0 Inc. And do I understand that

4

> you have been selected as the corporate representative to testify on the topics listed in this notice?
>
> A. Yes.

(DN 57-1, p. 3, Moore Depo. at p. 7 ln. 15-21).

Then he testified that he had not made any preparations to address the topics addressed in the notice of deposition.:

> Q. Okay. What have you done to prepare yourself to testify as the corporate representative PremierTox 2.0 on the topics listed in Exhibit 1?
>
> A. I haven't done anything.
>
> Q. I'm sorry?
>
> A. I haven't done anything to prepare for that.
>
> Q. You haven't reviewed any documents?
>
> A. No.
>
> Q. You haven't reviewed the universal [*sic*] claims that PremierTox is contending are at issue here?
>
> A. No.
>
> Q. You haven't talked to any of the witnesses at PremierTox?
>
> A. No.
>
> Q. You haven't talked to Mr. Klipp?
>
> A. No.
>
> Q. You've done absolutely nothing?
>
> A. Correct.

(Id. at p. 4, depo. p. 11, ln. 14-p. 12, ln. 6).

In PremierTox's response to the motion and during the hearing, PremierTox disputed the accuracy of Moore's testimony, noting that he had conferred with counsel in the days preceding the deposition and had been following the course of the litigation. However, representations by counsel cannot override the sworn, clear testimony of the deponent. *See* Bickett v. Countrymark Energy Res., LLC, 250 F. Supp. 3d 309, 320 (W.D. Ky. 2017) (Argument of counsel is not evidence.).

Moreover, Moore's testimony demonstrated that he lacked knowledge regarding the fundamental issues in the case.

> Q. Do you have – are you knowledgeable of any facts to support the breach of contract claims that PremierTox has made in this case?
>
> A. I feel the happenings were prior to my time of having any knowledge or anything of this.
>
> Q. So the answer to my question is you don't have any facts or the knowledge to support any of the breach of contract claims that PremierTox has made in this case?
>
> A. Like I said, the happenings were before my time. I don't really have any firsthand knowledge of anything.
>
> Q. And have you examined anyone else within the corporation to obtain the corporate knowledge on – to in effect to support the claims in this case?
>
> A. No.

(Id. at p. 4, depo. p. 12, ln., 7-22).

> Q. And the same thing with respect to the unjust enrichment claim, are you – do you have any facts supporting the unjust enrichment claims that PremierTox has made in this litigation.
>
> A. I haven't read it.
>
> . . . .

> Q. So as the corporate representative of PremierTox you don't even know what the unjust enrichment claim is that PremierTox filed against Coventry in this case; is that right?
>
> . . . .
>
> A. No.

(Id. at p. 4, depo. p. 12, ln. 23- p. 5, depo. p. 13, ln. 24).

> Q. You don't know. And do you – are you familiar with any of the universe of claims that PremierTox is claiming that Coventry owes in this lawsuit?
>
> A. I haven't reviewed any of that. It's before my time.
>
> Q. You haven't reviewed any of that to prepare yourself for today's deposition; is that correct?
>
> A. No.
>
> Q. Is that correct?
>
> A. Correct.

(Id. p. 5, depo. p. 14, ln. 2-12).

Moore went on to testify that he was unable to address any facts regarding whether Coventry provided PremierTox with an executed Medicaid Contract (Id. at p. 5, depo. p. 14, ln. 13-17), whether Coventry credentialed PremierTox as a network provider (Id. at depo. ln. 18-22), PremierTox's application for credentialing (Id. at depo. p. 14. Ln. 23-p. 15, ln. 1), the fraud investigation by the Kentucky Attorney General (Id. at depo. p. 15, ln. 2-21), PremierTox's suspension from the Ohio Medicaid program (Id. at depo. p. 15, ln. 22- p. 16, ln. 11), or the factual basis for PremierTox's allegations in the complaint, first amended complaint, and second amended complaint (Id. at p. 7, depo. p. 22, ln. 17-22) ("I haven't read through those.").

PremierTox has provided Coventry a spreadsheet which it contends details the charges for services it is owed payment. The notice of deposition stated that the deponent should be prepared to discuss the document. The relevant portion of the deposition transcript reads:

> Q. Do you have any – with respect to number ten are you knowledgeable or have you become knowledgeable of the final spreadsheet produced by PremierTox on November 16, 2018, as set forth in topic number ten listing all claims that it contends are at issue?
>
> A. I don't recall seeing that or looking at anything.

(Id. at p. 5, depo. p. 16, ln. 24-p. 6, depo. p. 17, ln. 5).

> Q. How many – you say that you have some knowledge that there was a spreadsheet that was created of claims?
>
> A. I know that it was, you know, something we contracted Quadax to provide for us.
>
> Q. Do you have any knowledge as to the contents of that spreadsheet?
>
> A. No, I didn't open it up and look at it or anything.
>
> Q. You haven't even looked at it is what you are saying?
>
> A. Correct.
>
> Q. All you know is a spreadsheet was asked for; is that right?
>
> A. Yes.
>
> Q. Do you have any knowledge as to whether its accurate since you haven't even looked at it?
>
> A. So the billing company I would assume provided, you know, claims that were submitted to Coventry, you know, during that time.
>
> . . . .
>
> Q. You don't know whether it's accurate or not since you haven't looked at it?

    A. I have not looked at it.

    Q. Does it only include claims from 9/11/2013 to 9/16/2015?

    A. I don't know.

    Q. Do you know how many claims are on the spreadsheet?

    A. No.

    Q. Do you know the amount of the claims?

    A. No.

(Id. at p. 9, depo. p. 29, ln. 14, p. 30, ln. 20).

Moore was able to offer some information relative to the case based upon his personal knowledge, but little of that was directly related to the issues specified in the deposition notice. PremierTox attempts to lay fault at the feet of Coventry for not asking about specific documents or phrasing them in such a way as to tease out from Moore what he did know. Certainly, "the party who seeks discovery pursuant to the Rule must describe the matters to be explored in the deposition with 'reasonable particularity' sufficient to enable the responding corporation or business entity to produce a representative witness who can testify to the corporation's knowledge on the topics so identified." Janko, 2014 U.S. Dist. LEXIS 185334 at *14. It stands to reason that Moore would have reviewed the topics in the deposition notice to prepare for his deposition. If anything was unclear, he should have alerted PremierTox's counsel and obtained explanation or clarification. Coventry's questions during the deposition essentially mirrored the topics as set forth in the notice. Moreover, if PremierTox believed that any of the topics were irrelevant, overbroad or otherwise problematic, it was PremierTox's responsibility to seek a protective order. Absent a protective order a deponent is required to answer all questions. Brooks v. Caterpillar

Global Mining Am., LLC, No. 4:14-CV-00022-JHM, 2016 U.S. Dist. LEXIS 127975, *5 (Sept. 20, 2016 W.D. Ky.).

PremierTox also argues that it had always intended to provide its former president Klipp to testify as an additional 30(b)(6) witness. The Rule does contemplate that more than one individual may be designated to testify on behalf of the corporation, and no one witness need be all-encompassing in knowledge. While PremierTox represents that Coventry has "always known" about Klipp and its intention to designate him as a witness, no documentation has been provided in which he is mentioned other than as a fact witness. PremierTox did not provide Coventry any notice that Moore's designation was limited to specific questions in the deposition notice. When Moore appeared for the deposition he represented that he was prepared to testify as to all aspects of the notice, without qualification. Indeed, during the hearing PremierTox noted on the deposition notice which of the questions it had intended for Moore to address and several of these were ones about which Moore professed to have no knowledge.

Finally, PremierTox believes that it has provided Coventry with documentation demonstrating the nature of its claims and, because there is no continuity of management within the organization, it has done all that it should reasonably be expected to do in the way of discovery. "Only if a corporation genuinely is unable to provide an appropriate designee because it does not have the requested information, cannot reasonably obtain it and lacks sufficient knowledge after a good faith, thorough review of all available information, will its obligations under Rule 30(b)(6) cease." Janko, 2014 U.S. Dist. LEXIS 185334, at *17. Here, PremierTox has not demonstrated that the lack of continuity of management within the corporation renders it impossible for it to obtain the requested information – much of which goes to the very heart of its claims. *See* Martin Co. Coal Corp. v. Universal Underwriters Ins. Servs., No. 08-93-ART, 2010 U.S. Dist. LEXIS

118722, *12-14 (Nov. 8, 2010 E.D. Ky.) (Where information may be known to former employees, corporation has obligation to determine if it is reasonably available). Moreover, a corporation may not produce "mere document-gatherers" in satisfaction of its obligation to provide a knowledgeable witness. Janko, 2014 U.S. Dist. LEXIS 185334, at *14.

The undersigned concludes that PremierTox presented a single witness in response to a Rule 30(b)(6) notice who was unprepared to address the specified topics. The production of an unprepared witness is tantamount to failure to appear and warrants the imposition of sanctions. Martin Co. Coal Corp., 2010 U.S. Dist. LEXIS 118722, at *12. The next question is what sanction is appropriate.

Coventry argues that PremierTox should be limited in presenting evidence in the case to those facts to which Moore was able to offer testimony. Given that he was able to offer little, the practical effect of such a ruling would be to preclude most, if not all, of PremierTox's claims. Coventry cites several cases it contends support this sanction. The undersigned is not persuaded that the cases mandate the imposition of this sanction at this time.

Coventry cites Prosonic Corp. v. Stafford, No. 2:07-CV-0803, 2008 U.S. Dist. LEXIS 80778 (S.D. Ohio 2008) for the proposition that failure to present an "informed spokesperson warrants precluding the corporation from evidence on the noticed topics at trial" (DN 57, p. 12). However, the quoted portion of the case also observes that this limitation is not applicable where the evidence has been "provided in another way such as through initial disclosures or discovery responses and the testimony of the 30(b)(6) deposition is not inconsistent with those disclosures." Id. at *7. The Court in Prosonic ordered the responding party to produce another, knowledgeable witness for deposition. Id. at *13.

11

In <u>Clark Constr. Grp., Inc. v. City of Memphis</u>, No. 01-2780 B/An, 2005 U.S. Dist. LEXIS 5559, at *14-16 (Feb. 9, 2005 W.D. Tenn.), also cited by Coventry, the court refused to allow a corporation to produce a witness with only partial knowledge of its damages claim and supply the rest of the information through an expert witness. The court ruled that the corporation must either designate a Rule 30(b)(6) witness now or be precluded from doing so at trial. <u>Id.</u> at *16. In <u>Aldridge v. Lake Co. Sheriff's Office</u>, No. 11 C 3041, 2012 U.S. Dist. LEXIS 102514 (July 24, 2012 N.D. Ill.) the Court imposed the sanction of evidence preclusion but observed that "the more commonly invoked sanction requiring defendant to produce yet another 30(b)(6) witness is not available . . .." <u>Id.</u> at *15-16. In <u>Ierardi v. Lorillard, Inc.</u>, No. 90-7049, 1991 U.S. Dist. LEXIS 11320 (Aug. 13, 1991 E.D. Penn.) the court held that if the designee testifies that the *corporation* does not know the answers to plaintiff's questions, it will not be allowed to change its answers at trial. <u>Id.</u> at *8. Here, Moore testified that *he* did not know.

In sum, while the undersigned concurs that a sanction is appropriate for PremierTox's failure to comply with Rule 30(b)(6), it need not be so severe, at least at this juncture. As Judge Whalin noted in <u>Janko</u>, "should it become apparent during the course of the corporate deposition that the designee is unable to adequately respond to relevant questions on the listed subjects contained in the deposition notice, then the responding corporation has a duty to timely designate additional or supplemental witnesses as substitute deponents." <u>Janko</u>, 2014 U.S. Dist. LEXIS 185334, at *16-17. The parties have engaged in extensive discussions about producing Mr. Klipp and PremierTox has indicated that he has knowledge it believes is responsive to Coventry's discovery requests. PremierTox must make Mr. Klipp or another capable corporate representative available for deposition. As sanction for failure to produce a capable corporate representative during the first deposition, PremierTox must compensate Coventry for its counsel's reasonable

12

time and expense in preparing for and attending supplemental deposition as well as the court reporter costs. At trial, PremierTox will be limited to evidence that is consistent with the testimony of its originally and supplemental designated Rule 30(b)(6) witnesses.

**WHEREFORE**, Defendant's motion, DN 57 is **GRANTED IN PART** and **DENIED IN PART**, as set forth in this order.

May 21, 2019

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:       Counsel

1/09